## WILLEY *v.* HALL.

When the question as to the admissibility of a witness, is intended to be raised for the determination of the appellate court, it should appear from the bill of exceptions, not only that the objection to the admissibility of the witness was overruled by the court, but that the witness was sworn, and gave evidence material to the issue.

A written agreement may be varied by evidence of a subsequent parol agreement, additional and suppletory to the original contract, and upon a new consideration.

So, it may also be shown by parol evidence, that the parties to a written contract, by a parol contract subsequent to the written one, abandoned the latter, except so far as applicable to the new parol agreement.

*Appeal from the Jackson District Court.*

TUESDAY, APRIL 5.

THIS was an action on an account for work and labor done. The work was done by one Williams, for the defendant, and the account assigned by him to Mathews & Reeves, who commenced suit thereon. During the pendency of the action, they assigned the claim to Willey, who was, on motion, substituted by the court as plaintiff.

During the trial, Williams was offered as a witness by the plaintiff. Being examined on his *voire dire*, he stated that he had assigned the account sued on to Mathews & Reeves, for a valuable consideration, in payment of a claim held against him, by them, for goods, wares and merchandize. The defendant then objected to the witness giving any evidence. The court overruled the objection, and defendant excepted.

The plaintiff had declared as in *assumpsit*, for the value of certain brick work alleged to have been done by said Williams for defendant, at his request, and for which he had promised to pay the said Williams, what the said work was reasonably worth; and plaintiff alleges that the same was reasonably worth nine dollars per thousand, amounting to

the sum of $1,417.00. The defendant answers, denying any such promise, or indebtedness to plaintiff; and averring that said Williams and defendant, on the 27th of September, 1856, made an agreement in writing, whereby Williams agreed to furnish the necessary materials, and to do all the brick work in the erection of a building for a flouring mill, of the size of forty by forty-five feet; with an engine house attached, forty by eighty feet; that Hall was to have the foundation for the same ready by the 10th of April, 1857, and to pay the said Williams for his work at the rate of *eight dollars and fifty cents* per thousand, of which the sum of three hundred dollars was to be paid by the first day of January, 1857, one half of the remainder of the price of the work to be done, to be paid as the work progressed, and the other half when the work was completed; that the brick· work of the mill was to be done by the 1st of June, 1857, and the engine house by July 1, 1857; that afterwards by agreement of parties, the said defendant increased the size of said building to forty by sixty feet; and that it was agreed by the parties that such alteration by defendant of the size of the said building, should in nowise affect said written agreement between said Williams and defendant, except that such additional length of time as was reasonable should be allowed to the said Williams for the completion of the increased amount of work rendered necessary by the change of the size of the building, and that the terms and time of payment were to remain the same as fixed in said written agreement; that the defendant erected the foundation for the building, and had the same ready for the brick work, within thirty days after the time fixed by the written agreement; but that the said Williams has not built the said mill, but has left the same incomplete and unfinished, and has not commenced to erect the said engine house, or bestowed any labor on the same.

The plaintiff, in reply, admits the making of said written agreement, but avers that the same was wholly abandoned by defendant; and that he failed to provide a foundation for

said building, and failed to make the payments to Williams as therein agreed upon. He denies that Williams made any agreement with defendant for changing the size of the building, or that such change should not affect said written agreement as alleged, or that the change in the size of the building, was made with any such understanding. He denies that any time was stipulated within which said enlarged building was to be completed, and denies that Williams ever agreed to complete the same, or at any time, since the abandonment of said written agreement, agreed to build or finish said engine house. He further avers, that Williams having commenced the erection of said building for defendant, ceased to work upon the same by reason of the failure of defendant to furnish timbers for the floor of the third story.

The defendant, rejoining to the replication of the plaintiff, denies that he abandoned the said contract in his answer set forth; and denies that said Williams ceased to work on said building by reason of the neglect of defendant to furnish timbers for the third story.

On this issue joined by the parties, the defendant, in the language of the bill of exceptions, " offered to prove by parol, an agreement made subsequent to the original agreement, new and distinct from the original agreement, and upon a new consideration — which agreement was additional and suppletory to the original agreement, and adopting the provisions of the original agreement so far as applicable to the new agreement."

To the introduction of this evidence the plaintiff objected; the objection was sustained and the evidence excluded. The jury found a verdict for the plaintiff, for $1,030,75. A motion for a new trial was overrruled, and there was judgment on the verdict. Defendant appeals.

*D. F. Spurr*, for the appellant.

*Charles Rich*, for the appellee.

STOCKTON, J.—When a question as to the admissibility of a witness, is intended to be raised by bill of exceptions, for the determination of this court, it should appear, not only that the objection to the admissibility of the witness was overruled by the court, but that the witness was sworn and gave evidence material to the issue.   In this instance, the bill of exceptions does not show that Williams was sworn as a witness; that he gave any testimony; or that his testimony, if any was given, was in anywise material.   It is not even shown what objection was made to the competency of Williams as a witness, and, under the circumstances, we cannot say that there was any error in overruling the objection.

We think that one, at least, of the questions at issue between the parties, was, whether by their parol contract, subsequent to the written one, they abandoned the latter, and agreed to a change of the size of the building, and the time of its completion, adopting the provisions of the written agreement, so far as applicable, to the new one, as to the terms and time of payment.   Under this state of the pleadings, we thing the evidence offered by the defendant, to prove such subsequent parol agreement, should have been received by the court; and for the error in rejecting the same, the judgment will be reversed.

Judgment reversed.